PER CURIAM.
This Florida Bar disciplinary proceeding is before the Court for consideration of the referee’s report. Neither party seeks review of the report.
The Florida Bar initiated this proceeding by filing a complaint against Susan E. Roman, a Florida Bar member who resided and practiced law outside Florida. The accused attorney failed to respond to the complaint. The Florida Bar filed a request for admissions. Having received no response, the Bar filed with the referee a motion to deem matters admitted. The referee granted the motion.
Based on the factual matters deemed admitted and the evidence presented by the Bar, the referee found that respondent had been subjected to disciplinary action for professional misconduct as a member of the New Hampshire Bar. The Committee on Professional Conduct of the Supreme Court of New Hampshire found that respondent had violated several provisions of the Code of Professional Responsibility of the New Hampshire Bar and recommended that she be suspended from the practice of law in New Hampshire for a period of two years. The recommendation was adopted and respondent was suspended for two years on March 31, 1987.
The misconduct for which respondent was suspended in New Hampshire arose from three complaints docketed before the Committee on Professional Conduct. On the first count, the committee found that respondent had neglected a client’s case and had misrepresented facts to the client and to the committee regarding her work on the case. The committee found violations of the Code of Professional Responsibility, Disciplinary Rules 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation) and 6-101(A)(3) (neglecting a legal matter). On the second count, the committee found that respondent had made statements calculated to mislead a client regarding her work on the client’s behalf. The committee found that respondent had violated Disciplinary Rule 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation). On the third count, the committee found that respondent had misrepresented facts in a statement made to the committee’s representative and testified falsely at a committee hearing concerning her receipt of the committee’s inquiries and her answers to them. The committee found violations of Disciplinary Rules 1-102(A)(1) (violating a disciplinary rule), 1-102(A)(4), 1-102(A)(5) (conduct prejudicial to the administration of justice), and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law).
Pursuant to rule 3-4.6 of the Rules Regulating The Florida Bar, the referee recommended that respondent be adjudicated guilty of misconduct justifying disciplinary action based on the disciplinary action taken against her by the Supreme Court of New Hampshire. Rule 3-4.6 provides as follows:
A final adjudication in a disciplinary proceeding by a court or other autho *835 rized disciplinary agency of another jurisdiction, state or federal, that an attorney licensed to practice in that jurisdiction is guilty of misconduct justifying disciplinary action shall be considered as conclusive proof of such misconduct in a disciplinary proceeding under this rule.
Under rule 3-4.6 and the facts of this case, adjudication of guilt of professional misconduct based on the adjudication in New Hampshire is appropriate.
The referee also recommended that respondent be found guilty of the following further violations charged in The Florida Bar’s complaint: Rules Regulating The Florida Bar, rule 1-7.3 (failure to pay Florida Bar dues) and rule 3-7.2(j)(l) (failure to provide notice of discipline by a foreign jurisdiction).
On the matter of discipline, the referee recommended that respondent be suspended from the practice of law in Florida, with the suspension running “concurrently with the two-year suspension imposed on respondent by the Supreme Court of New Hampshire, to terminate on March 31, 1989.” The referee also recommended that respondent be required to pass the ethics portion of the Florida bar examination as a condition for reinstatement.
We approve the referee’s report. We suspend attorney Susan E. Roman from the practice of law in Florida for a term of two years, commencing retroactively and running concurrently with the two-year suspension imposed on her in New Hampshire. We note that this suspension will require proof of rehabilitation prior to reinstatement. As a further condition precedent to reinstatement, respondent must pass the ethics portion of the bar examination.
The costs of this proceeding are taxed against the respondent. Judgment for costs in the amount of $234.75 is hereby entered against Susan E. Roman, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, ERHLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.